ness and uncertainty of the beneficiaries thereunder. The decedent died on January 2, 1909.

If a gift can be implied, the statute cited places the provisions of this will upon the same footing as to validity as if the gift were in trust to pay the sums indicated to a clergyman or religious corporation designated by name and thereby to procure the masses to be said. "No gift, grant, bequest or devise to religious, educational, charitable or benevolent uses, which shall, in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same." Laws 1893, p. 1748, c. 701. A bequest for the saying of masses for the repose of the dead is a gift for a religious use. A gift in trust may be implied. Where "the duties imposed are active and render the possession of the estate convenient and reasonably necessary, the executors will be deemed trustees for the performance of their duties, to the same extent as though declared to be so by the most explicit language." Ward v. Ward, 105 N. Y. 68, 11 N. E. 373; Tobias v. Ketchum, 32 N. Y. 319; Robert v. Corning, 89 N. Y. 225.

It is to be observed that the executors are not directed merely to pay these sums to an unnamed beneficiary. The direction is that the executors by such payment, and as an accompanying duty shall procure the masses to be said. It is also required that the executors shall exercise their discretion as to the application of the sums bequeathed. There is no discretion as to whether or not these sums shall be used. The direction as to their use is absolute; but the duty is laid upon the executors to determine from time to time what portion of the fund shall be at any given time devoted to the masses and over what period these disbursements shall spread. To see to it that the purposes of the payment shall be fulfilled, and, as an incident thereto, to control the rate and progress of the payment, is an active and continuing responsibility which cannot be effectually discharged without possession of the gift.

It seems, therefore, that there is a gift to the executors for a religious use upon a valid and effectual trust, and the transfer should be taxed at the rate of five per cent.

The order, so far as appealed from, should be reversed, and directions should be made in accordance with these views.

Decreed accordingly.

---

(63 Misc. Rep. 621.)

## In re CUMMINGS' ESTATE.

### (Surrogate's Court, New York County. June, 1909.)

TAXATION (§ 867*)—INHERITANCE TAX—ESTATE OF NONRESIDENT.

Where assets of a decedent in California are distributed there under the laws of that state, under a decree that the decedent was there a resident, and do not come into the hands of the executor in New York, they are not taxable under the New York transfer tax law, although by a sub-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sequent decree in New York it was held that decedent was a resident of New York at the time of his death.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1681; Dec. Dig. § 867.*]

Application for the assessment of the transfer tax on the estate of George W. Cummings. From an order fixing the transfer tax, the executor appeals. Reversed.

Turner, Rolston & Horan, for appellants executors.

Alfred Yankauer, for State Comptroller.

COHALAN, S. Appeal from an order fixing the tax. The decedent made a will by which he appointed the Merchants' Loan & Trust Company of Los Angeles, Cal., his executor as to so much of his property as was situated in that state. He appointed the Farmers' Loan & Trust Company of New York his executor as to so much of his property as was situated in this state. He died in 1904. Shortly after his death, a proceeding was brought in the superior court of Los Angeles, Cal., for the probate of his will. That court decided that the decedent was a resident of the state of California; that certain provisions of the will creating trust funds were invalid; and that that part of the property which was located in California and designated in the will as constituting a part of the trust fund should be distributed to his next of kin in accordance with the intestate laws of California. The property located in California was subsequently distributed among decedent's next of kin, in the manner provided by this decree, and in the proportion prescribed by the intestate laws of California. In 1906 the Farmers' Loan & Trust Company, as executor in this state, commenced a proceeding in the New York Supreme Court for the construction of decedent's will. The court decided that the decedent was a resident of this state; that the provisions of his will attempting to create certain trust funds were invalid; and that such property should be distributed in accordance with the intestate laws of this state. In the proceeding instituted by the New York executor to appraise the estate, in accordance with the provisions of the transfer tax act, the appraiser included in the taxable assets of the estate all the property of decedent which was situated in California, and which, under the decree of the superior court of Los Angeles, had been distributed among decedent's next of kin.

The executor contends that the transfer of that property is not taxable here, and has appealed from the order entered upon said report. Section 220 of the transfer tax law (Consol. Laws, c. 60) provides:

"A tax shall be and is hereby imposed upon the transfer of any property * * * first, when the transfer is by will or by the intestate laws of this state from any person dying seized or possessed of the property while a resident of this state."

Before the tax can be imposed, there must be a transfer of the property, either by will or by the intestate laws of this state. As-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suming, in accordance with the decision of the New York Supreme Court, that the decedent was a resident of this state, if that part of his personal property which was situated in California passed or was transferred to his next of kin by virtue of the intestate laws of this state, such a transfer would be taxable here. Matter of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709. But, at the time the New York court decided that he was a resident of this state, the property located in California had already been distributed under and by virtue of a decree of a court of competent jurisdiction in that state and in the proportion prescribed by the intestate laws of that state. The property having already been actually transferred under the intestate laws of the state of California, there was no property there which could be transferred under the intestate laws of this state. The theory that the property passed under the intestate laws of this state must give way to the fact that it was actually transferred under the intestate laws of the state of California. The superior court of Los Angeles being a court of competent jurisdiction, its decree was entitled to full faith and credit in this court. Tilt v. Kelsey, 207 U. S. 43, 28 Sup. Ct. 1, 52 L. Ed. 95.

Therefore, as the decedent's property in California was not transferred to his next of kin by virtue of the intestate laws of this state, the courts of this state have no jurisdiction to impose a tax upon the transfer of such property. The order fixing the tax should be reversed and the report remitted to the appraiser for the purpose of excluding from the taxable assets of the estate the value of decedent's property situated in California.

Decreed accordingly.

---

(63 Misc. Rep. 637.)

### In re BRISTOW.

(Surrogate's Court, Kings County. June, 1909.)

AMBASSADORS AND CONSULS (§ 5*)—POWERS OF CONSULS—REPRESENTATION OF ALIENS IN ADMINISTRATION OF DECEDENT'S ESTATE.

The Italian consul has the right to represent alien minor next of kin of a deceased Italian subject, on the judicial settlement of the accounts of the administrator of the deceased, and the appointment of a special guardian for such minors after the consul has appeared is improvident and should be vacated.

[Ed. Note.—For other cases, see Ambassadors and Consuls, Cent. Dig. § 14; Dec. Dig. § 5.*]

Judicial settlement of account of Walter M. Bristow, administrator with will annexed of Henry Bristow, former Public Administrator of Kings County, as administrator of Guiseppe Tepedino. On motion to set aside appointment of special guardian for minor next of kin. Granted.

George Eckstein, for administrator.
Gino C. Speranza, for Italian consul.
Edward J. Fanning, special guardian.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes